UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-62387-BLOOM/Valle

KENNETH BERMAN,
and JANET BERMAN,

    Plaintiffs,

v.

TARGET,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Target Company's ("Target" or "Defendant") Motion for Summary Judgment, ECF No. [37] (the "Motion"), filed on June 8, 2016. Plaintiffs Kenneth Berman and Janet Berman (together, "Plaintiffs"), timely filed their Response, ECF No. [48] (the "Response"), and Defendant timely filed a Reply, ECF No. [52] (the "Reply"). The Court has carefully reviewed the Motion, supporting and opposing submissions, the record, and the applicable law. For the reasons set forth below, the Motion is denied.

**I. Background**

Plaintiffs filed this action seeking damages for injuries that Mr. Berman suffered from a slip and fall accident at a store operated by the Defendant. Plaintiffs attribute this accident to Defendant's negligence, alleging that "Plaintiff's fall was the result of the Defendant negligently maintaining its property by not keeping the aisles clear of substances which could cause a patron to slip and fall. The negligent condition was known to the Defendant or had existed for a sufficient length of time so that the Defendant should have known of it. Likewise, Defendant is

aware that foreign substances in its aisles are frequently occurring events that need to be addressed on a regular basis." Compl, ECF No. [1] ¶¶ 6-8.  As a result of the fall, Mr. Berman sustained numerous injuries.  *Id*. ¶ 9.  Plaintiffs also claim damages for Mrs. Berman's "loss of consortium as well as her claim for care and treatment provided by her to her spouse." *Id.* ¶ 10.

## II. Material Facts

Local Rule 56.1 requires a summary judgment movant to submit a "Statement of Material Facts" along with the original motion.  *See* S.D. Fla. L.R. 56.1(a).  The Statement must "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.  *Id.* at (a)(2).  An opponent who fails to controvert the movant's Statement of Material Facts is punished accordingly: "All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *Id.* at (b).  The Court notes that neither Defendant nor Plaintiffs properly complied with Local Rule 56.1.  Defendants merely attached Plaintiff's answers to certain "slip and fall interrogatories" and, thus, Plaintiffs had no "Statement of Material Facts" to controvert.  With that caveat, the Court summarizes the facts as presented that are relevant to the instant dispute.

On February 18, 2012, Plaintiffs were shopping at the Target store located at 11253 Pines Boulevard in Pembroke Pines, Florida, when Mr. Berman slipped and fell on an unknown clear liquid on the floor in the main aisle of the store.  Compl. ¶¶ 4-6; ECF No. [37-1] (Pl.'s Answers to Def.'s Interrogs.), No. 9.  As he attempted to get up, Mr. Berman fell again.  *Id*.  At the time of his second fall, Mr. Berman observed a Target employee, Harold Jean, on the scene with paper

towels and a "wet floor" sign.[1]  *Id.*, No. 2; ECF No. [48-1] ("Berman Aff.") ¶¶ 5-6.  As a result of the falls, Mr. Berman sustained numerous injuries.  ECF No. [37-1], No. 13; Compl. ¶ 9.

### III. Legal Standard

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The parties may support their positions by citation to the record, including *inter alia*, depositions, documents, affidavits, or declarations.  Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party."  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id.* (quoting *Anderson*, 477 U.S. at 247-48).  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor.  *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.  Further, the Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

---

[1] Defendant disputes this fact.  *See* Reply at 2.

(1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still be satisfied that all the evidence on the record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### IV. Discussion

Target argues that it is entitled to summary judgment because Plaintiffs cannot establish that there was actual or constructive knowledge of the allegedly dangerous condition that caused Mr. Berman's injuries, as required by Florida Statutes section 768.0755. Florida Statutes, Section 768.0755 states in pertinent part,

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.

The crux of Target's position is the lack of evidence, circumstantial or otherwise, and the inconsistency between Mr. Berman's deposition testimony and his interrogatory responses and affidavit, which Target argues supports summary judgment. Target relies on several opinions affirming summary judgment where evidence was insufficient to establish constructive notice. *See* Motion at 7-9, Reply at 4. The Court finds the cases to be inapposite to the case at bar. Here, a genuine issue of fact is presented. The inconsistency in the Plaintiff's testimony relates directly to a key element of Plaintiffs' claim—whether Target had knowledge, either constructive or actual, of a dangerous condition on the floor of its store.

Target urges the Court to find *Gordon v. Target Corp.*, No. 07-80412-CIV, 2008 WL 2557509, (S.D. Fla. June 23, 2008), dispositive. In *Gordon,* the plaintiff slipped on the floor in Target when she stepped from carpet onto a hard surface area of the floor. *Gordon*, 2008 WL 2557509, at *1. In response to interrogatories and during deposition, the plaintiff stated that she did not know what was on the floor when she fell, and she did not remember seeing any water or debris on the floor. *Id.* at *2. When Target moved for summary judgment, the plaintiff stated for the first time in her affidavit that she thought she smelled something like a floor cleaner or WD-40 at the time she fell. *Id.* Based in large part on the inconsistency in the plaintiff's testimony, plaintiff's speculation as to the cause of the fall and defendant's evidence corroborating that there was nothing on the floor, the court in *Gordon* determined that there was no genuine issue of material fact and entered summary judgment. *Id*. at *6.

Here, the testimony regarding a Target employee approaching with cleaning supplies and a "wet floor" sign is not new. In response to Defendant's interrogatories, Mr. Berman stated that after getting up from his second fall, he saw a Target employee, later identified as Harold Jean, arrive at the scene with paper towels and a "wet floor" sign. Response at 2; ECF No. [37-1], No.

2. His affidavit states the same set of facts. Berman Aff. ¶¶ 5-6. While Mr. Berman did not mention at deposition that Mr. Jean approached with cleaning supplies and a "wet floor" sign, he did testify that he observed a Target employee with a walkie-talkie nearby, and who he believed was on the way to deal with the spill. Berman Dep. at 35-36. Mr. Berman heard the employee call on the walkie-talkie to report the spill. *Id.* at 36. When pressed by Defendant's counsel at deposition, Mr. Berman conceded that he had no personal knowledge that the employee was actually there to deal with the spill, and that his conclusion that the employee knew about the spill before he fell was speculation based on his observations regarding the employee's proximity and use of the walkie-talkie. *Id*. at 36-37. However, Target has not offered any record evidence to controvert Mr. Berman's recollection of the events. Mr. Jean, the Target employee, testified during his deposition that he did not see the incident, and that he had no independent recollection of the incident involving Mr. Berman, even though he completed and filed an incident report. ECF No. [48-4], 9 at 28-29.[2] Target simply argues in conclusory fashion that Mr. Berman's affidavit on this crucial point should be disregarded because it is inconsistent with his deposition. While this inconsistency may serve as a basis for rigorous cross examination, it does not serve as a basis to find judgment as a matter of law.

The Court must consider the evidence before it and "cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." *Id*. (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980)). "Certainly, every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." *Kennett-Murray Corp.*, 622 F.2d at 894. In this case, the parties do not dispute that

---

[2] When Plaintiffs' counsel questioned Mr. Jean regarding the contents of the incident report he completed, Defendant's counsel instructed Mr. Jean not to respond based on claims of privilege and confidentiality. ECF No. [48-4] 9 at 29. Mr. Jean then testified that reviewing the report the day before his deposition did not refresh his memory of what occurred. *Id.* at 30-31.

Mr. Berman slipped on a clear liquid on the floor and fell. The dispute revolves around conflicting versions of events involving the elements of Plaintiffs' claims. Unlike the plaintiff in *Gordon*, Mr. Berman stated in response to Defendant's interrogatories five months before his deposition, and again in his affidavit in opposition to the present Motion, that Mr. Jean approached him with paper towels and a "wet floor" sign. *See* ECF No. [37-1] dated October 19, 2015, and Berman Dep. dated March 15, 2016. Target was free to question Mr. Berman about these facts explicitly and specifically; yet based on the excerpts provided from Mr. Berman's deposition, Target did not do so. As a result, Target fails to convince the Court that Mr. Berman's deposition testimony is so inconsistent with his earlier interrogatory responses and affidavit that the Court may disregard it in evaluating the Motion. "In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an earlier deposition." *Kennett-Murray Corp.*, 622 F.2d at 894.

Target is correct that "[t]he mere occurrence of an accident does not, without more, give rise to an inference of negligence." *Crawford v. Miller*, 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989). However, the existence of uncontroverted testimony that Mr. Jean was approaching Mr. Berman with paper towel and a "wet floor" sign, coupled with additional evidence regarding Target's routine safety sweep and spill clean-up procedures, differentiates this case from the cases relied upon by Target, making summary judgment inappropriate.

Apart from testifying that he had no recollection regarding Mr. Berman's slip and fall, Mr. Jean testified that regular safety sweeps of the store are performed every two to three hours beginning at 11 a.m., and as frequently as every hour during busy times. ECF No. [48-4], 11 at 35-36. According to Mr. Jean, when an employee encounters a spill on the floor, "you need to

stop whatever you are doing.  You call somebody over.  And then when that person come, you will go ahead and – to the Spill Station, grab an absorbent or paper towel and then gloves so you can clean it up." *Id*., 6 at 14.  Target's training materials set a specific procedure regarding spill clean-up.  According to the "Spill Clean-up Training Card," the first steps in proper clean-up procedure are, 1. Use your walkie or a phone to call for assistance; 2. Block off and guard the spill; 3. Place Caution – Wet Floor sign near the spill; and, 4. Identify the spill.  *Id.* at 36.  A reasonable inference to be drawn from this evidence and Mr. Berman's testimony is that the liquid had been on the floor long enough for Mr. Jean to begin the clean-up process, and additionally, that Mr. Jean did not follow proper procedures during Mr. Berman's incident because there was no Target employee blocking off and guarding the spill.  Berman Dep. at 36.

    Target argues nevertheless that the evidence in this case is insufficient to show that the condition existed long enough that Target should have known about it.  Motion at 7 (citing *Berard v. Target Corp.*, 559 F. App'x 977 (11th Cir. 2014)).  However, in none of the cases cited by Target did the plaintiffs offer evidence tending to show that the condition existed long enough for an employee to engage in clean-up procedures pursuant to store policy during the plaintiffs' fall.  For example, in *Berard*, the only evidence of constructive notice was the plaintiff's testimony that the substance on the floor was clear and clean, free of footprints or other marks, and appeared to be water.  *Berard*, 559 F. App'x. at 978.  Absent any evidence to show how long the liquid might have been on the ground, the Eleventh Circuit determined that summary judgment in favor of Target was appropriate.

    Similarly, in *Gaidymowicz v. Winn-Dixie Stores, Inc.*, 371 So. 2d 212, 213 (Fla. 3d DCA 1979), the evidence showed that the first time the store manager learned of the spill was when the plaintiff's son went to tell him about it, during which time the plaintiff fell.  The court

concluded that at most, the store had one minute of notice regarding the spill, and therefore insufficient time to correct the dangerous condition. *Id*. In *Publix Supermarkets, Inc. v. Heiser*, 156 So. 2d 540, 541 (Fla. 2d DCA 1963), the pertinent testimony with respect to the length of time a broken jar of mayonnaise was on the floor came from one supermarket employee, who testified that he heard an item fall and was making his way to the plaintiff when she fell. Based on this testimony, the court concluded that the spill was on the floor for no more than one and one-half minutes. *Id*. In *Waters v. Winn-Dixie Stores, Inc.*, 146 So. 2d 577, 578 (Fla. 2d DCA 1962), the store employee testified that she witnessed the plaintiff fall four or five seconds after she saw a jar of baby food drop from a customer's cart and break on the floor.

The cases cited by Target did not involve the same or similar circumstances as those in this case. Here, Mr. Berman saw an employee with paper towel and a "wet floor" sign before he was able to get up from his fall, evidencing actual knowledge on the part of Target. Though Mr. Berman admitted that he has no personal knowledge with respect to how the liquid came to be on the floor, or who may have caused the spill—and that he did not see any skid marks, cart tracks, or any other indication that another person may have stepped in the puddle of liquid—he also testified that the aisle where he fell was not crowded. Berman Dep. at 32, 35, 38-39. Furthermore, Target admits that the last safety sweep before Mr. Berman fell may have occurred up to half an hour before Mr. Berman fell. Motion at 6. To conclude that the liquid Mr. Berman slipped on was on the floor long enough for a Target employee to get cleaning supplies and the sign is not an impermissible inferential leap. Unlike in the cases relied upon by Target, there is sufficient evidence to raise an issue of fact with respect to whether the liquid Mr. Berman slipped on was on the floor long enough for Target to know about it and take corrective action.

Determining issues of credibility and weighing the evidence are not appropriate tasks for the Court upon summary judgment. *Kennett-Murray Corp.*, 622 F.2d at 894; *see also Lane v. Celotex Corp.*, 782 F.2d, 1526, 1528 (11th Cir. 1986) ("[I]t is the province of the jury to assess the probative value of the evidence."); *Skop*, 485 F.3d at 1140 ("The court may not weigh conflicting evidence to resolve disputed factual issues.") (internal citation and quotations omitted). Target has failed to establish that there is no genuine issue of material fact and, thus, is not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

### V. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, **ECF No. [37]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record